IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE D. HARRISON, TDCJ NO. 1451589, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-2991 |
| WILLIAM STEPHENS, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion for Summary Judgment with Brief in Support (Docket Entry No. 10) filed by Respondent, William Stephens. For the reasons stated below, Stephens' Motion for Summary Judgment will be granted, and George D. Harrison's petition for a Writ of Habeas Corpus By a Person in State Custody ("Federal Petition") (Docket Entry No. 1) will be dismissed.

### I. Background

On July 11, 2007, in the 278th Judicial District of Walker County, Texas, under Cause No. 23705, a jury found Harrison guilty of aggravated assault with a deadly weapon.[1] Harrison elected to have punishment assessed by the court, which sentenced

---

[1] Judgment of Conviction, Docket Entry No. 11-8, pp. 74-76.

him to thirty years in prison.[2] On June 3, 2009, the Tenth Court of Appeals of Texas affirmed Harrison's conviction.[3] The Texas Court of Criminal Appeals granted Harrison an opportunity to file an out-of-time petition for discretionary review of the Tenth Court of Appeals' judgment.[4] On December 15, 2010, the Texas Court of Criminal Appeals refused Harrison's petition for discretionary review ("PDR") without a written order.[5] Harrison's conviction became final on March 15, 2011, after the ninety-day period for filing a petition for a writ of certiorari with the Supreme Court. See Sup. Ct. R. 13.1. Without accounting for tolling, Harrison had one year, until March 15, 2012, to file his federal petition. See 28 U.S.C. § 2244(d)(1)(A).

On February 11, 2013, Harrison signed an application for a writ of habeas corpus in state court challenging his conviction.[6] On May 22, 2013, the Texas Court of Criminal Appeals denied relief without a written order.[7] On September 22, 2014, Harrison signed

---

[2]Id.

[3]Tenth Court of Appeals Memorandum Opinion, Docket Entry No. 11-3, p. 6.

[4]Court of Criminal Appeals Opinion, Docket Entry No. 11-4, p. 2.

[5]Court of Criminal Appeals Notice, Docket Entry No. 11-1, p. 2.

[6]State Application for a Writ of Habeas Corpus, Docket Entry No. 11-25, pp. 6-18.

[7]Federal Petition, Docket Entry No. 1, p. 4.

a petition for a writ of habeas corpus under 28 U.S.C. § 2254 with the Austin Division of the United States District Court for the Western District of Texas.[8] The case was transferred to this court on October 8, 2014, pursuant to 28 U.S.C. § 2241(d).[9]

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations beginning on the date when the judgment became final by either the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). Harrison's conviction became final on March 15, 2011, at the end of the ninety-day period for filing a petition for a writ of certiorari with the Supreme Court following the Texas Court of Criminal Appeals' order denying relief. See Sup. Ct. R. 13.1. Without accounting for tolling, Harrison had until March 15, 2012, to file his federal petition. See 28 U.S.C. § 2244(d)(1)(A).

### A. Statutory Tolling

Harrison's state petition for a writ of habeas corpus did not toll the statute of limitations. The limitations period is tolled while a properly filed motion for state post-conviction relief or

---

[8]Id. at 10.

[9]Order of Transfer, Docket Entry No. 3.

other collateral review is pending. 28 U.S.C. § 2244(d)(2). If an applicant files a state post-conviction petition after the time for filing a petition under § 2244(d)(1) has lapsed, the state petition does not toll the one-year limitations period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Statutory tolling under § 2244(d)(2) does not apply to Harrison's state petition because the petition was not filed until February 11, 2013, almost eleven months after the limitations period expired on March 15, 2012. As a result, Harrison's federal petition is barred by the statute of limitations because it was filed on September 22, 2014, more than thirty months after the limitations period expired.

Statutory tolling under § 2244(d)(1)(B) does not apply to Harrison's petition. Harrison argues that "the herein mentioned state actions" prevented him from filing both his state and federal habeas applications.[10] If the state government creates an impediment that violates the Constitution or federal law and prevents an applicant from filing a timely petition, the limitations period does not begin until the impediment is removed. 28 U.S.C. § 2244(d)(1)(B); Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003).

Harrison never refers to any particular event as a state action that prevented him from filing a timely petition, but

---

[10]Petitioner's Reply Brief, Docket Entry No. 15, p. 3.

complains that his legal materials were confiscated by a prison official and that the prison was put on lockdown for about eight months during direct and collateral review of his conviction.[11] Even if both of these events constituted state actions, neither event created an impediment lasting long enough to account for the thirty-month delay between the expiration of the statute of limitations and the filing date of Harrison's Federal Petition. Section 2244(d)(1)(B) is inapplicable to Harrison's petition.

Harrison does not satisfy any other tolling provision under section 2244(d). There has been no showing of a newly recognized constitutional right upon which the petition is based, and there is no factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(C)-(D). There is no statutory basis to toll the limitations period under 28 U.S.C. § 2244(d).

B. Equitable Tolling

Harrison argues that the court should apply the doctrine of equitable tolling. The one-year limitations period under the AEDPA is subject to equitable tolling at the district court's discretion and only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). A habeas petitioner is

---

[11] Id. at 2.

"'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)).

Harrison argues that his limited mental capacity and restricted access to legal materials due to his incarceration are "extraordinary circumstances" warranting equitable tolling.[12] Even if a petitioner proceeds pro se on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Restricted access to legal materials based on incarceration and ignorance of the law based on limited mental capacity do not rise to the level of "rare and exceptional circumstances" that justify deviation from the one-year grace period normally granted to petitioners. Many habeas petitioners face challenges similar to Harrison's circumstances; the AEDPA grants a one-year grace period for this very reason. Harrison's alleged limited mental capacity and restricted access to legal materials do not warrant equitable tolling.

Harrison also contends that security lockdowns in his unit and the confiscation of his legal materials during one of these

---

[12]Petitioner's Reply Brief, Docket Entry No. 15, p. 2.

lockdowns prevented him from filing a timely petition. He argues that these occurrences rise to the level of "extraordinary circumstances" that warrant equitable tolling. Harrison alleges that at least eight four-week security lockdowns occurred in his unit during the preparation of his PDR, his state habeas petition, and his federal habeas petition. However, he does not specify which lockdowns occurred within the limitations time-frame.

Determining whether any of the security lockdowns occurred before expiration of the limitations period is ultimately unnecessary, however, because Harrison fails to explain why the security lockdowns constitute "extraordinary circumstances" and fails to show that he diligently pursued his rights during the remaining portion of the limitations period. In addition to demonstrating "extraordinary circumstances," the petitioner must also show that he pursued his claims diligently to justify equitable tolling of the statute of limitations. Holland, 130 S. Ct. at 2562.

Even if these events had occurred before the limitations period expired and constitute "extraordinary circumstances," Harrison still had an additional four months within the limitations period to file his federal habeas petition. Because Harrison did not diligently pursue habeas relief when he waited almost eleven months after expiration of the limitations period to file his state petition and over thirty months to file his Federal Petition, he is not entitled to equitable tolling.

## III. Certificate of Appealability

The habeas petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability ("COA") to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). The COA statute imposes a jurisdictional prerequisite mandating that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . ." Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability sua sponte without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Harrison's Petition for a Writ of Habeas Corpus is barred by the statute of limitations. Respondent's Motion for Summary Judgment with Brief in Support (Docket Entry No. 10) is therefore **GRANTED,** and Harrison's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED**. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 3rd day of June, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE